UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE:
Jamie L. Stobie,

                                                     Case No.

                                Debtor(s)             Chapter 13

**CHAPTER 13 PLAN**        [✓] Original        [ ] Amended        Date: February 9, 2011

[ ]   A check in this box indicates that the plan contains special provisions, set out in Section _____. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case. Any reference to Debtor is deemed to be Debtors where the meaning would require such.

**YOUR RIGHTS WILL BE AFFECTED.** Anyone who wishes to oppose any provision of this plan must file a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless written objection is filed before the deadline stated on the separate notice you should have received from the Court. You must timely file a proof of claim to receive distributions under any plan that may be confirmed.

**1. PAYMENT AND LENGTH OF PLAN:**

Debtor shall pay $ 57.75 per week to the Chapter 13 Trustee starting 30 days after the filing of the order for relief under Chapter 13 for approximately sixty (60) months. Total amount to be paid to Trustee shall be not less than $ 15,013.20. Other payment provisions:

All payments shall be by wage order from KS & D, Inc. d/b/a Best Western Weedsport Inn Employer, unless specified, with the reason for a waiver request being:

/s/ JLS    Unless all allowed unsecured claims are paid in full, the plan shall not terminate earlier than the
_____    stated percentage or 36 months, whichever is longer.
Initial

**2. CATEGORIZATION AND TREATMENT OF CLAIMS:**

Certain claims owed by Debtor are categorized and provided for below. To be paid, creditors must file proofs of claim unless ordered otherwise by the Court. The plan will determine the amount and character of the creditor's claim unless a creditor objects to the treatment of its claim prior to the confirmation of the plan. For the purpose of this plan, any timely and properly filed claim which 1) alleges a security interest and 2) is filed subsequent to the Confirmation Hearing shall be allowed as unsecured to the extent not provided for in this

plan, except as may otherwise be agreed to by the parties or determined by the Court.  If a creditor's claim is provided for by this plan and a proof of claim is filed before the hearing, dividends will be paid based upon the proof of claim unless the granting of a valuation or lien avoidance motion, or the sustaining of a claim objection, affects the amount or classification of the claim.  Secured and priority claims not listed are not provided for by the plan.

**3.  SECURED CLAIMS:**

<u>Mortgages & Other Direct Payments</u>- Payable according to the terms of the mortgage or contract.  The debtor, during the pendency of this case and this plan, shall make the usual and regular payments called for by the debt instruments and security agreements supporting non-voidable liens upon debtor's property directly to each lien holder from the date of the petition as follows:

<u>Description of Property</u>: N.A.

| | Lien Holder | Value of Property | Total Claim Amount | Monthly Payment (including ___%) |
|---|---|---|---|---|
| a) | | | | |
| b) | | | | |
| c) | | | | |
| d) | | | | |

<u>Mortgage Arrears</u> – Payable as set forth below.  A proof of claim filed by the creditor for a lesser amount will be paid as filed.

| | Creditor | Arrears | Monthly Payment (including ____%) |
|---|---|---|---|
| a) | N.A. | | |
| b) | | | |
| c) | | | |

Avoidance of Mortgage and Other Property Liens – Debtor shall file a separate motion under applicable Bankruptcy law to avoid the following liens. Any claim (or portion of claim) on which the lien is avoided shall be treated as an unsecured claim.

Description of Property: N.A.

| | Lien Holder | Value of Property | Claim Amount |
|---|---|---|---|
| a) | | | |
| b) | | | |
| c) | | | |

Other Secured Claims and Motions to Value Collateral – Debtor moves to value collateral as indicated. The Trustee shall pay allowed secured claims as indicated. The holder of any claim secured by property of the estate, other than a mortgage treated above, shall retain the lien until payment of the filed claim in full or discharge under Chapter 13, whichever occurs first.

| | Creditor | Collateral | Secured Claim | Monthly Payment |
|---|---|---|---|---|
| a) | Community Bank, N.A. | 2006 Mazda 6 | $9,800.00 plus 5.25% interest | $ 186.06 |
| b) | | | | |
| c) | | | | |
| d) | | | | |

**4. PRIORITY CLAIMS:**

All allowed priority claims pursuant to 11 U.S.C. Sec. 507 will be paid in full unless the creditor agrees otherwise:

| Attorney's fees | Total Charged | Amount owed in plan |
|---|---|---|
| Ronald S. Goldman, Esq. | $ 2,500.00 | $ 1,500.00 |

| Creditor | Amount owed in plan |
|---|---|
| | $ |
| | $ |

**5. UNSECURED CLAIMS:**

General unsecured claims (i.e. claims not entitled to priority or classified below will be paid as follows:

☐ Not less than $_____ to be distributed pro rata

☐ Not less than _____ percent

☒ Pro-rata distribution from any remaining funds

**6. SEPARATELY CLASSIFIED UNSECURED CLAIMS:**

| Creditor | Reason for special treatment | Claim Amount |
|---|---|---|
| a) N.A. | | |
| b) | | |

**7. EXECUTORY CONTACTS AND UNEXPIRED LEASES:**

All executory contracts and unexpired leases are rejected; except the following assumed items:

| Other party to Contract or Lease | Property Description | Treatment by Debtor |
|---|---|---|
| a) N.A. | | |
| b) | | |

**8. SURRENDER OF PROPERTY**

The debtor surrenders the following collateral. Upon confirmation, the stay is lifted as to surrendered collateral.

| | Creditor | Collateral to be Surrendered |
|---|---|---|
| a) | TD Bank, N.A. | 2005 GMC Envoy |
| b) | United Consumer Financial | Kirby Vacuum cleaner |

**9. VESTING AND POSSESSION OF PROPERTY**

All of the Debtor's wages and property, of whatever nature and kind and wherever located, shall remain under the exclusive jurisdiction of the Court; and title to all of the Debtor's property, of whatever nature and kind and wherever located, shall vest in the Debtor upon confirmation of this Plan pursuant to the provisions of 11 U.S.C. §1327.

**10. PAYMENTS FROM THE PLAN FUND WILL BE MADE IN THE FOLLOWING ORDER:**

(1) Filing fee to the Clerk of the Court, U.S. Bankruptcy Court (if unpaid);

(2) Retain at all times sufficient funds to pay all other accrued administrative expenses;

(3) Secured claims;

(4) Domestic Support Obligations

(5) The unpaid balance of the above described fee to the debtor's attorney;

(6) Priority claims;

(7) Unsecured claims.

**11. DEBTOR'S DUTIES:**

In addition to the duties and obligations imposed upon Debtor by the Bankruptcy Code and Rules, Local Rules, and the Order of Confirmation, this plan imposes the following requirements on Debtor:

(A) Transfers of Property and New Debt. Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal or real property with a value of $1,000 or more other than in the regular course of Debtor's business affairs, without first obtaining court authorization. Except as provided in 11 U.S.C. §364 and §1304, Debtor shall not incur aggregate new debt of $500 or more without prior approval of the Trustee or the Court, except such debt as may be necessary for emergency medical care, unless such prior approval can not reasonably be obtained.

(B) Insurance. Debtor shall maintain insurance as required by any law, contract, or security agreement.

(C) Support Payments. Debtor shall maintain child or spousal payments directly to the recipient pursuant to a separation agreement, divorce decree, the applicable child support collection unit, or other court order.

(D) Compliance with Non-Bankruptcy Law. Debtor shall comply with applicable non-bankruptcy law in the conduct of his financial and business affairs. This includes the timely filing of tax returns and payment of taxes.

(E) Periodic Reports. Upon the Trustee's request, Debtor shall provide the Trustee with a copy of any tax return, W-2 or 1099 form, filed or received while the case is pending.

**12. SPECIAL PROVISIONS:** (If box is checked in Paragraph 1)

Attorney for debtor(s)
Name, address, and telephone number
Ronald S. Goldman, Esq.
532 Times Square Building
45 Exchange Street
Rochester, NY 14614
Tel: (585) 546-7410
e-mail: rosgol@yahoo.com

/S/ Jamie L. Stobie    February 9, 2011
Debtor's signature and date

_____
Joint debtor's signature and date